UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

**Plaintiff, Michael Doe X**

**Defendants, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, et al.,**

   Mount Auburn Hospital and Tuft Medical Cneter

**Civil Action No.** _____

**MOTION TO PROCEED PSEUDONYMOUSLY**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

Plaintiff, proceeding under the pseudonym **Michael Doe X**, respectfully submits this Memorandum of Law in support of Plaintiff's Motion to Proceed Pseudonymously.

### I. INTRODUCTION

Plaintiff brings this civil rights action against Harvard College and associated entities, alleging a coordinated campaign of institutional retaliation, disability discrimination, and unlawful seizure and used gun to force plaintiff knee down to beg for life-preservation. This case involves highly sensitive matters, including the fraudulent concealment of medical diagnoses and fabricated medical diagnosis, the bad-faith weaponization of mental health statutes (M.G.L. c. 123, § 12), and allegations of psychological torture and coercive control. To protect Plaintiff from further "medical blacklisting," reputational destruction, and institutional retaliation, physical retaliation, Plaintiff requests leave to proceed under a pseudonym.

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 10(a), a complaint must typically include the names of all parties. However, the U.S. Court of Appeals for the First Circuit holds that a plaintiff may proceed anonymously where a "privacy interest outweighs the public's interest in disclosure."

*Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). The Court identifies "exceptional cases" for anonymity, including:

1. Cases involving matters of the utmost intimacy, such as Fraudulent fabricated medical psychiatric records.
2. Cases where a party reasonably fears severe physical or psychological harm and retaliation. Plaintiff documented-reported prior violence by Defendants' agents Harvard Police, Misconduct by police acting under color of law .
3. Cases where anonymity is necessary to prevent a chilling effect on future whistleblowers.

As detailed in Plaintiff's Sworn Affidavit, Harvard Police used brutal force to crush into Plaintiff's apartment and held Plaintiff at gunpoint, forcing Plaintiff to kneel down beg for life-preservation. (See Affidavit of Plaintiff ). This level of violence by the Defendants' agents justifies the need for anonymity to prevent further targeting.

## III. ARGUMENT

**A. Risk of Severe Psychological Harm and Retaliation.  Harvard Police Misconduct Under Color of Law and Fourth Amendment Violations.** The need for anonymity is heightened because the Defendants' agents acted under **color of law** to execute a violent, retaliatory home invasion. Under the Fourth Amendment, Plaintiff has a fundamental right to be secure in their person and home. The Defendants' agents—acting as state actors—violated this right by crushing into Plaintiff's private residence without permission or legal justification. This "sanctioned retaliation" involved the use of lethal force (drawn firearms) and the intentional severance of emergency communications (911) to suppress Plaintiff's civil rights. The court must recognize the unique vulnerability of a Plaintiff facing "color of law" retaliation from a powerful institutional authority. The risk of retaliation in this case is not speculative; it is based on a history of violent conduct. As documented in Plaintiff's Sworn Affidavit, Harvard Police—acting as **state actors** under M.G.L. c. 22C, § 63—used brutal force to crush into Plaintiff's apartment without permission or legal justification. During this encounter, Plaintiff was held at gunpoint and forced to knee down and beg for life-preservation. Furthermore, these agents abruptly

severed all of Plaintiff's communications with the external world, including 911 and Plaintiff's medical providers. Proceeding under a pseudonym is the only way to prevent these Defendants from using their vast institutional and state-sanctioned power to further target or physically endanger the Plaintiff.

As documented in Plaintiff's Affidavit, Defendants' agents have already demonstrated a willingness to invade Plaintiff's home and deny Plaintiff basic human necessities like water while at gunpoint. Plaintiff is a disabled researcher in a highly competitive academic environment; identifying Plaintiff publicly would subject them to further "Institutional Gaslighting" and professional destruction. Proceeding under a pseudonym is the only way to prevent the Defendants from using their vast institutional resources to further isolate and physically endanger the Plaintiff.

**B. The Case Involves Matters of the Utmost Intimacy and Medical Fraud.** The core of this litigation involves Plaintiff's medical records following a Traumatic Brain Injury (TBI) and PTSD. Plaintiff alleges that Defendants engaged in Medical Fraud and Defamation by entering fabricated claims of "suicidality" into permanent records to justify an unlawful kidnapping. Publicly linking Plaintiff's name to these fraudulent records would finalize a "medical blacklist," permanently stripping Plaintiff of the right to competent healthcare. The First Circuit recognizes that where a lawsuit requires the revelation of highly personal medical information, the injury of public disclosure can be "irreparable." *Doe v. MIT*, 46 F.4th at 71.

**C. Matters of Extreme Intimacy and Fourth Amendment Violations.** This case involves the violent breach of Plaintiff's home, a violation of the **Fourth Amendment**. Exposing Plaintiff's identity would force the public disclosure of a "sacred and tragic familial loss" and the intimate details of Plaintiff's medical vulnerability, which the Defendants weaponized through state-sanctioned kidnapping. The "color of law" nature of these violations creates a compelling interest in shielding the victim's identity from further public trauma.

**D. Anonymity is Necessary to Counter "Institutional Muting."** Plaintiff contends that Defendants made every effort to "mute" Plaintiff through a midnight confrontation and unlawful seizure. Forcing Plaintiff to use a real name would allow the Defendants to complete this

silencing by exposing Plaintiff to public shaming and professional blackballing. Anonymity is the only way for Plaintiff to seek justice without being destroyed by the very "cascading harm" the lawsuit seeks to remedy.

**E. No Prejudice to the Defendants.** Plaintiff has provided their true identity to the Clerk of Court under seal and will disclose it to the Defendants' counsel under a Protective Order. Thus, the Defendants can fully investigate the claims while the Plaintiff is shielded from public "medical blacklisting."

### IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Proceed Pseudonymously.

**Respectfully submitted,**

**Plaintiff Pro Se**

Name: **Michael Doe X,**     Signature: _[signature]_

Dated: January 8, 2025

4